(No. 4217

SAMUEL R. PRATHER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1950.*

JOHN P. MEYER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Samuel R. Prather, claimant, was an employee of the Department of Public Works and Buildings, Division of Highways, and was employed as a highway section man from March 24, 1941, to date of his injury on January 31, 1949. On that date he was sixty-seven (67) years of age, married and had no children under sixteen (16) years of age dependent upon him for support. During the year preceding the injury he was paid a salary of $2,436.00 at the rate of $203.00 per month.

On January 31, 1949, in the forenoon he was engaged in plowing snow and in the afternoon he went to the Highway Garage in Danville to change a blade on the plow; that he was assisted in this work by a fellow employee and while moving from one side of the snowplow to the other he struck his right knee against the blade; that the knee started hurting immediately and he went home and on the next day was attended by Dr. Dickerson. Later, at the request of the Highway Department, he was sent to Chicago, where he was treated by Dr. H. B. Thomas on several occasions. Also on these trips to Chicago he was given diathermy treatments and on one occasion suffered a burn. He was later attended by Dr. S. C. Crispin of Danville, Illinois. He was discharged by Dr. Thomas on April 19, 1949. During his disability he was paid full salary through February 28, 1949, and compensation at the rate of $19.50 per week from March 1, 1949, to April 19, 1949, inclusive, making a total payment of $342.28. Sometime during his period of disability Mr. Prather was discharged by the Division of Highways and did not return to work.

The evidence and departmental report disclose that claimant was injured in an accident arising out of and in the course of his employment; that proper notice and claim were made and that the complaint was filed within the time required by statute.

Claimant has asked for an additional amount of medical care and attendance to correct the injury, for sixty-four weeks temporary total disability and for one hundred ninety weeks loss of use of leg.

There is no showing that Mr. Prather is entitled to any additional temporary total disability since he was paid to date of April 19, 1949. There is proof that he was not completely reimbursed by the State for his

expenses and he should be allowed an additional amount of $5.00 for meals while on his trip to Chicago, $15.00 for taxi fare and $6.50 for X-rays at Lake View Hospital, making an additional amount of $26.50.

There is also evidence that claimant had a permanent partial disability of the right leg at the time of the hearing due to the accident in question. Dr. Thomas, in his final report on April 19, 1949, stated that claimant was discharged as of April 19, 1949, with no disability. Several X-rays were taken by Dr. Thomas but they were not produced at the hearing and the record shows that claimant, through his attorney, Mr. Meyer, made an attempt to secure these X-rays from Dr. Thomas and Mr. Guy but same were never received. Dr. Paul Kaminski of Danville, Illinois, a specialist in bone and joint surgery, testified that he saw Mr. Prather on May 28, 1949, and on November 14, 1949. He testified that Mr. Prather suffered from a torn cartilege in the right knee which was followed by scar formation; that there was a moderate degree of atrophy of the quadricep muscles which control the straightening of the leg at the knee; that there was a mild swelling of the knee and that the claimant complained of a tenderness and pain over the inter aspect of the front side of the right knee; that claimant lacked about 5 degrees of complete extension and was able to flex to 90 degrees, whereas normal was 135 degrees; that the knee was susceptible of locking and giving away, although he had never seen the claimant when that happened, and that he recommended an operation. Dr. Kaminski also testified that he had seen the claimant when he had suffered from the diathermy burns. The evidence of claimant, his wife, fellow employees and employer was that he had only worked for a period of several weeks since the accident and that

he was unable to do work that involved the use of the leg.

There is no dispute that claimant sustained an injury to his right knee resulting in some loss of use of the right leg. There is a conflict in the medical testimony, but a reasonable deduction therefrom indicates some loss of use. The Commissioner saw claimant and examined his leg. It is the opinion of the Court that claimant has suffered a 30% loss of use of the right leg.

Claimant was overpaid for non-productive time the sum of $125.00, which will be deducted from the award.

Claimant was entitled to the sum of $26.50 for expenses incurred in treatment by the State doctor.

Claim is made by Juanita O. Craig for stenographic services in the amount of $78.00. This amount is found reasonable and is allowed.

On the basis of this record, we made the following award:

30% permanent partial specific loss of the use of the right leg in the amount of 57 weeks at $19.50 per week or a total of $1,111.50. From this sum is deducted the sum of $125.00, being overpayment for non-productive time, making the award $986.50. All of which has accrued and is payable forthwith.

An award is also entered in favor of claimant in the amount of $26.50 for expenses, making a total award of $1,013.00, all of which has accrued and is payable forthwith.

An award is entered in favor of Juanita O. Craig for stenographic services in the amount of $78.00.

This award is subject to the approval of the Governor, as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees''.